## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAMBRIA COUNTY ASSOCIATION FOR THE BLIND AND HANDICAPPED, INC., | C.A. No.: 23-cv-80-SRF |
| *Plaintiff,* | **JURY TRIAL DEMANDED** |
| v. | |
| AFFORDABLE WIRE MANAGEMENT, LLC., | |
| *Defendant.* | |

**DEFENDANT AFFORDABLE WIRE MANAGEMENT, LLC'S OPENING BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR INDIRECT INFRINGEMENT AND ENHANCED DAMAGES**

Dated: June 22, 2023

OF COUNSEL:

Andrew H. DeVoogd
Serge Subach
Williams S. Dixon
**MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO PC**
One Financial Center
Boston, Massachusetts 02111
(617) 542-6000
DHDeVoogd@mintz.com
SSubach@mintz.com
WSDixon@mintz.com

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 N. Market St., 12th Floor
Wilmington, DE 19801
Phone: (302) 777-0300
BFarnan@farnanlaw.com
MFarnan@farnanlaw.com

*Attorneys for Defendant*
*Affordable Wire Management, LLC*

## <u>TABLE OF CONTENTS</u>

Page

I.    INTRODUCTION ...........................................................................................1

II.   NATURE AND STAGE OF THE PROCEEDINGS ....................................1

III.  SUMMARY OF ARGUMENT ......................................................................1

IV.   STATEMENT OF FACTS .............................................................................3

    A.    Enhanced Damages ................................................................................3

    B.    Induced Infringement ............................................................................4

    C.    Contributory Infringement ....................................................................5

V.    LEGAL STANDARD FOR MOTION TO DISMISS ..................................5

VI.   ARGUMENT ..................................................................................................6

    A.    CAB's Claim for Enhanced Damages Is Nothing More than a Formulaic
           Recitation of the Legal Elements and Should Be Dismissed ...................7

    B.    CAB's Allegations of Secondary Infringement Are Mere Formulaic
           Recitations of the Legal Elements and Should Be Dismissed .................10

        1.    CAB's Conclusions Regarding Induced Infringement Are
               Unsupported by Any Factual Allegations ...........................................10

        2.    CAB's Conclusions Regarding Contributory Infringement Are Just as
               Inadequate and Also Fail Under Rule 12(b)(6)...................................14

VII.  CONCLUSION..............................................................................................20

i

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*AgroFresh Inc. v. Essentiv LLC*,
    No. 16-662 (MN), 2019 U.S. Dist. LEXIS 13832 (D. Del. Jan. 29,
    2019) ...............................................................................................12, 15, 16

*AgroFresh Inc. v. Essentiv LLC*,
    No. 16-662-MN-SRF, 2018 U.S. Dist. LEXIS 218379 (D. Del.
    Dec. 27 2018)............................................................................................16

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).....................................................................................6

*Bench Walk Lighting LLC v. LG Innotek Co.*,
    530 F. Supp. 3d 468 (D. Del. 2021)............................................................18, 19

*Boston Sci. Corp. v. Nevro Corp.*,
    415 F. Supp. 3d 482 (D. Del. 2019)......................................................9

*Deere & Co. v. AGCO Corp.*,
    No. 18-827-CFC, 2019 U.S. Dist. LEXIS 25885 (D. Del. 2019)........................9

*Dodots Licensing Sols. LLC v. Lenovo Holding Co.*,
    No. 18-098 (MN), 2018 U.S. Dist. LEXIS 213202 (D. Del. Dec.
    19, 2018) ...................................................................................................6, 13

*Dynamic Data Techs., LLC v. Brightcove Inc.*,
    No. 19-1190-CFC, 2020 U.S. Dist. LEXIS 127734 (D. Del. July
    21, 2020) ...................................................................................................*passim*

*Hsm Portfolio LLC v. Fujitsu Ltd.*,
    No. 11-770-RGA, 2014 U.S. Dist. LEXIS 125500 (D. Del. Sept. 9,
    2014) ...................................................................................................14, 19

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
    869 F.3d 1372 (Fed. Cir. 2017) .......................................................10

*M2M Solutions, LLC v. Telit Communs. PLC*,
    No. 14-1103-RGA, 2015 U.S. Dist. LEXIS 102349 (D. Del. Aug.
    5, 2015) ......................................................................................................12

*Mayer v. Belichick*,
    605 F.3d 223 (3d Cir. 2010) ...................................................................6

*NNCrystal US Corp. v. Nanosys, Inc.*,
    No. 19-1307-RGA, 2020 U.S. Dist. LEXIS 22462 (D. Del. Feb.
    10, 2020) ......................................................................................................8

*ZapFraud, Inc. v. Barracuda Networks, Inc.*,
    528 F. Supp. 3d 247 (D. Del. 2021)..................................................14

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ......................................1, 6, 20

## I.      INTRODUCTION

Cambria County Association for the Blind and Handicapped, Inc. ("CAB") alleges infringement of certain claims of U.S. Patent Nos. 10,177,551 ("'551 Patent") and 11,349,291 ("'291 Patent") (collectively, the "Asserted Patents") against Affordable Wire Management, LLC ("AWM"). Pursuant to Federal Rule of Civil Procedure 12(b)(6), AWM respectfully moves to dismiss CAB's enhanced damages, induced infringement, and contributory infringement claims for failure to sufficiently plead facts to support those claims.

## II.     NATURE AND STAGE OF THE PROCEEDINGS

On January 23, 2023, CAB filed its Complaint. D.I. 1. Relevant to this motion, CAB asserted claims for willful, induced, and contributory infringement of the Asserted Patents. *Id.* On April 10, 2023, the parties stipulated to an extension of time for AWM to answer the Complaint. D.I. 9. That same day, the Court reset AWM's deadline to answer the Complaint to May 23, 2023. Following that initial extension, the parties stipulated to a further extension of time until June 22, 2023, and the Court reset the answer deadline to that date. *See* D.I. 11. Now, pursuant to Fed. R. Civ. P. 12(b)(6), AWM moves to dismiss CAB's claims for willful, induced, and contributory infringement for failure to state a claim upon which relief may be granted.

## III.    SUMMARY OF ARGUMENT

1.     CAB fails to state a claim against AWM for enhanced damages due to

alleged infringement of the Asserted Patents. Specifically, CAB fails to allege facts plausibly showing that AWM knew of, or was willfully blind to, its alleged infringement of the Asserted Patents—an essential element to a claim for enhanced damages due to willful infringement. Instead, CAB offers nothing more than conclusory labels and bare recitations of legal elements.

2.     CAB also fails to state a claim against AWM for induced infringement of the Asserted Patents because CAB fails to allege facts plausibly showing that AWM (1) specifically intended, and took an affirmative act, to encourage another party to infringe the Asserted Patents and (2) knew that another party's acts constituted direct infringement. Like its claim for enhanced damages, CAB fails to allege any facts plausibly showing that AWM knew of, or was willfully blind to, a third party's direct infringement of the Asserted Patents. Further, CAB fails to plead any facts plausibly showing that AWM encouraged another's infringement—CAB neither cites nor references any evidence such as AWM instruction manuals, product guides, websites, or any other materials or communications—from which the Court could possibly draw an inference that AWM has acted with specific intent. Bare innuendo of this sort is legally insufficient: without any *factual* allegations supporting its conclusory allegations, CAB's claim for induced infringement should be dismissed.

3.     Like its claim for induced infringement, CAB fails to state a claim

against AWM for contributory infringement of the Asserted Patents. CAB again fails to allege facts plausibly showing that AWM knew of, or was willfully blind to, a third party's direct infringement of the Asserted Patents. In keeping with a theme, CAB offers only bald recitations of the elements of a claim for contributory infringement and fails to allege any facts supporting the inference that the Accused Products are not staple articles or commodities of commerce suitable for substantial non-infringing uses. CAB's claim for contributory infringement should be dismissed.

## IV.   STATEMENT OF FACTS

CAB's Complaint requests enhanced damages due to alleged willful infringement and asserts that AWM indirectly infringes at least claim 1 of the '291 Patent and at least claim 19 of the '551 Patent. The specific allegations for each claim are reproduced below.

### A.    Enhanced Damages

CAB's allegations regarding enhanced damages due to willful infringement are limited to the following anemic paragraphs, which are conspicuously *identical* for each of the asserted patents:

> [26. / 30.] AWM has had actual notice of the ['551/'291] Patent since at least as early as [September 29, 2020 / August 11, 2022], and has further had knowledge since at least that time that products that it manufactures, uses, sells or offers for sale in the United States, or imports into the United States, infringe the ['551/'291] Patent.

3

[41. / 54.] AWM's egregious acts of infringement of the ['551/'291] Patent as described above have been, and continue to be, willful and deliberate and therefore warrant the award of attorneys' fees pursuant to 35 U.S.C. § 285 and the award of enhanced damages pursuant to 35 U.S.C. § 284.

D.I. 1 ¶¶ 26, 30, 41, 54. There is nothing more. CAB provides no other allegations regarding AWM's knowledge of the patents, knowledge of the purported infringement, "egregious acts," or "willful and deliberate" conduct. *See generally* D.I. 1.

## B.    Induced Infringement

As to CAB's allegations of induced infringement, like its allegations for contributory infringement, these also comprise nothing more than two paragraphs per patent that are substantively identical:

[37. / 50.] On information and belief, AWM knowingly and intentionally induces end-users of the accused [Hardware assemblies / Messenger Cable and Messenger Cable Hanger products] to directly infringe at least [claim 19 of the '551 Patent / claim 1 of the '291 Patent] by encouraging, instructing, and/or aiding one or more persons in the United States, including but not limited to customers, who use the accused [Hardware assemblies / Messenger Cable and Messenger Cable Hanger products], to do so in a manner that infringes at least [claim 19 of the '551 Patent / claim 1 of the '291 Patent].

[38. / 51.] On information and belief, AWM has induced and continues to induce end-users of the accused Hardware assemblies to directly infringe at least [claim 19 of the '551 Patent / claim 1 of the '291 Patent] with actual knowledge of the ['551 Patent / '291 Patent], its scope, and products covered thereby, since before the date of this complaint and with the intent, or in willful blindness, that the induced acts directly infringe the ['551 Patent / '291 Patent].

D.I. 1 ¶¶ 37, 38, 50, 51. CAB provides no basis for its allegations of AWM's

purported knowledge and intent.

### C.    Contributory Infringement

CAB's allegations of contributory infringement likewise consist of two

paragraphs per patent that are, again, materially identical:

> [39. / 52.] Further on information and belief, AWM contributes to the
> direct infringement of at least [claim 19 of the '551 Patent / claim 1 of
> the '291 Patent] by end-users of the accused [Hardware assemblies /
> Messenger Cable and Messenger Cable Hanger products] by offering
> to sell or selling and/or importing a patented component or material
> and/or apparatus used to practice the invention, constituting a material
> part of the invention, knowing the same to be especially made or
> especially adapted for use in an infringement of at least [claim 19 of the
> '551 Patent / claim 1 of the '291 Patent] and not a staple article or
> commodity of commerce suitable for substantial non-infringing use.
>
> [40. / 53.] AWM has had actual knowledge of the ['551 Patent / '291
> Patent] since before the date of this complaint and continues to perform
> the acts alleged herein with the knowledge, or in willful blindness, that
> it contributes to the direct infringement of the ['551 Patent / '291
> Patent].

D.I. 1 ¶¶ 39, 40, 52, 53. CAB provides no other allegations regarding AWM's

alleged knowledge that the Accused Products are "especially made or especially

adapted for use" in an infringing manner. *See generally* D.I. 1. Similarly, CAB

provides no additional allegations regarding whether the Accused Products are staple

articles or commodities of commerce suitable for substantial non-infringing uses. *Id.*

## V.    LEGAL STANDARD FOR MOTION TO DISMISS

In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must

5

(1) accept as true all well-pleaded factual allegations in the complaint and (2) view all well-pleaded factual allegations in the light most favorable to the plaintiff. *See Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010). However, the Court is not required to accept as true "bald assertions, unsupported conclusions or unwarranted inferences." *Dodots Licensing Sols. LLC v. Lenovo Holding Co.*, No. 18-098 (MN), 2018 U.S. Dist. LEXIS 213202, at *3 (D. Del. Dec. 19, 2018); *see also Dynamic Data Techs., LLC v. Brightcove Inc.*, No. 19-1190-CFC, 2020 U.S. Dist. LEXIS 127734, at *2 (D. Del. July 21, 2020) ("Detailed factual allegations are not required, but the complaint must include more than mere 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'") (citation omitted). If a complaint does not contain "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face,'" dismissal under Rule 12(b)(6) is appropriate. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## VI.   ARGUMENT

All three claims challenged in this motion—enhanced damages, induced infringement, and contributory infringement—require specific factual allegations that plausibly support the inference that AWM had knowledge of infringement. For each claim, at best, CAB offers factual allegations supporting only the inference that AWM was aware of the patent. Because CAB fails to sufficiently plead knowledge

of *infringement*, its claims for enhanced damages, induced infringement, and contributory infringement should be dismissed.

In addition to failing to allege that AWM had specific knowledge of infringement prior to the filing of the Complaint, CAB's claims for secondary infringement offer only conclusory allegations while reciting the legal elements for induced and contributory infringement. At bottom, CAB has failed to allege *any* factual support for its allegations relating to the elements for secondary infringement. Instead, CAB merely lists the legal elements of the claim and bare conclusions. This is objectively insufficient under the law, and the claims must be dismissed.

A.   **CAB's Claim for Enhanced Damages Is Nothing More than a Formulaic Recitation of the Legal Elements and Should Be Dismissed**

CAB has not stated a claim for enhanced damages based on willful infringement because it failed to allege *any* facts establishing AWM's knowledge that its conduct constituted, induced, or contributed to infringement. Instead, CAB merely alleges—without any support or additional detail—that AWM had knowledge of each patent's existence on a certain date. CAB's remaining allegations merely recite the legal elements for enhanced damages based on willful infringement and are insufficient to state a claim as a matter of law.

To state a claim for enhanced damages based on willful infringement, the

operative pleading must allege "facts from which it can be plausibly inferred that the party accused of infringement had knowledge of the asserted patent ***and*** knowledge that the party's alleged conduct constituted, induced, or contributed to infringement of the asserted patent." *Dynamic Data Techs.*, 2020 U.S. Dist. LEXIS 127734, at *12 (emphasis added); *see also NNCrystal US Corp. v. Nanosys, Inc.*, No. 19-1307-RGA, 2020 U.S. Dist. LEXIS 22462, at *9 (D. Del. Feb. 10, 2020) ("To plead a claim of willful infringement, the complaint must allege that the accused infringer knew of the patent-in-suit, and knowingly or intentionally infringed the patent after acquiring that knowledge."). Here, the factual allegations in CAB's Complaint allege only one element: purported knowledge of the patent as of a certain date. *See* D.I. 1 ¶¶ 26, 30, 41, 54.

Again, the entirety of CAB's allegations regarding AWM's claim for enhanced damages are the following:

> [26. / 30.] AWM has had actual notice of the ['551/'291] Patent since at least as early as [September 29, 2020 / August 11, 2022], and has further had knowledge since at least that time that products that it manufactures, uses, sells or offers for sale in the United States, or imports into the United States, infringe the ['551/'291] Patent.

> [41. / 54.] AWM's egregious acts of infringement of the ['551/'291] Patent as described above have been, and continue to be, willful and deliberate and therefore warrant the award of attorneys' fees pursuant to 35 U.S.C. § 285 and the award of enhanced damages pursuant to 35 U.S.C. § 284.

These formulaic recitations of legal elements are strikingly similar, if not identical,

to allegations previously rejected in this District as insufficient to sustain a claim for enhanced damages based on willful infringement. *See, e.g.*, *Boston Sci. Corp. v. Nevro Corp.*, 415 F. Supp. 3d 482, 495 (D. Del. 2019) ("Boston Scientific, however, has not alleged any facts showing that Nevro knew that its SCS systems infringed the asserted patents; rather, it merely states in each count that 'Nevro's infringement is reckless, knowing, deliberate, and willful.' . . . Such conclusory statements are insufficient to plead a cognizable claim.") (internal citations omitted); *Dynamic Data Techs.*, 2020 U.S. Dist. LEXIS 127734, at *12-13 (dismissing enhanced damages claims where plaintiff alleged that the defendant "knew of the '3054 patent and knew of its infringement" and the defendant was "infringing the '3054 patent in a manner best described as willful, wanton, malicious, in bad faith, deliberate, consciously wrongful, flagrant, or characteristic of a pirate").

Like the allegations in those cases, ***factual*** statements regarding AWM's knowledge of infringement are noticeably absent from CAB's Complaint. *Cf. Deere & Co. v. AGCO Corp.*, No. 18-827-CFC, 2019 U.S. Dist. LEXIS 25885, at *15 (D. Del. 2019) (allowing enhanced damages claims to go forward where an original complaint identified specific accused products and explained how the products infringed, but rejecting enhanced damages claims based on a letter that did not identify the accused products or explain how any products infringed). CAB's identification of two different notice dates for each patent only underscores this

9

dearth of factual allegations. Those assertions provide no information regarding how AWM purportedly received notice, or why AWM was in fact aware of a risk of infringement as of each notice date, or even why AWM should have been aware of infringement. Without factual allegations supporting its bare legal assertions, CAB's claims for enhanced damages are insufficient as a matter of law. *See Dynamic Data Techs.*, 2020 U.S. Dist. LEXIS 127734, at *13.

Put simply, CAB has failed to allege any facts that plausibly show that AWM was aware or should have been aware of any risk of infringement of the asserted patents. Accordingly, CAB's claims for enhanced damages based on willful infringement should be dismissed.

## B. CAB's Allegations of Secondary Infringement Are Mere Formulaic Recitations of the Legal Elements and Should Be Dismissed

### 1. CAB's Conclusions Regarding Induced Infringement Are Unsupported by Any Factual Allegations

CAB also fails to state a claim for induced infringement. For a claim of induced infringement to survive a motion to dismiss, the complaint must plead facts plausibly showing that (1) the accused infringer specifically intended another party to infringe the patent and (2) the accused infringer knew that another party's acts constituted direct infringement. *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017). CAB's Complaint does not plausibly allege any ***facts*** supporting either element of a claim for induced infringement.

10

Specifically, CAB alleges mere knowledge of the patents and recites a textbook formulaic recitation of the elements for a cause of action for induced infringement:

> [37. / 50.] On information and belief, AWM knowingly and intentionally induces end-users of the accused [Hardware assemblies / Messenger Cable and Messenger Cable Hanger products] to directly infringe at least [claim 19 of the '551 Patent / claim 1 of the '291 Patent] by encouraging, instructing, and/or aiding one or more persons in the United States, including but not limited to customers, who use the accused [Hardware assemblies / Messenger Cable and Messenger Cable Hanger products], to do so in a manner that infringes at least [claim 19 of the '551 Patent / claim 1 of the '291 Patent].

> [38. / 51.] On information and belief, AWM has induced and continues to induce end-users of the accused [Hardware assemblies / Messenger Cable and Messenger Cable Hanger products] to directly infringe at least [claim 19 of the '551 Patent / claim 1 of the '291 Patent] with actual knowledge of the ['551 Patent / '291 Patent], its scope, and products covered thereby, since before the date of this complaint and with the intent, or in willful blindness, that the induced acts directly infringe the ['551 Patent / '291 Patent].

D.I. 1 ¶¶ 37, 38, 50, 51. Like its claim for enhanced damages, CAB provides no *factual allegations* allowing for the plausible inference that AWM knew that the acts of "end users" constituted infringement. "The only allegations of [AWM's] pre-suit knowledge of infringement are conclusory statements that merely recite the legal requirements for induced infringement." *Dynamic Data Techs.*, 2020 U.S. Dist. LEXIS 127734, at *12. Notably, the conclusory and insufficient allegations of induced infringement advanced in *Dynamic Data Techs.* were strikingly similar to the anemic allegations brought by CAB in this case. *See Dynamic Data Techs.*, 1:19-

11

cv-01190-CFC, D.I. 1 (Complaint) at ¶¶182-84. Another example underscoring the inadequacy of CAB's allegations here is *M2M Solutions, LLC v. Telit Communs. PLC*, No. 14-1103-RGA, 2015 U.S. Dist. LEXIS 102349, at *10 (D. Del. Aug. 5, 2015). There, the court noted that

> Plaintiff asserts in its complaint that '[u]pon information and belief, Telit has performed the acts that constitute inducement of infringement with the knowledge or willful blindness that the acts induced thereby would constitute direct infringement by its customers.' . . . This assertion based on no factual allegations ***cannot*** *pass muster under the plausibility standards*.

*Id*. (internal citations omitted) (emphasis added). The same is true of CAB's allegations.

Further, CAB's allegations of induced infringement are so threadbare that they also fail to provide any factual support for even one inference that a single third party has committed direct infringement. *AgroFresh Inc. v. Essentiv LLC*, No. 16-662 (MN), 2019 U.S. Dist. LEXIS 13832, at *6-8 (D. Del. Jan. 29, 2019) ("As is evident from the paragraphs cited, instead of identifying the 'allegations of underlying direct infringement,' Plaintiff simply reiterates the same boilerplate allegation that Defendants themselves 'directly infringe' and 'have actively and specifically intended to induce third party customers to infringe.' There are no facts pleaded to render these allegations plausible, and the allegations are therefore insufficient to meet the required pleading of underlying direct infringement."). CAB's allegations here are no different—like the plaintiff's inadequate pleading in

*AgroFresh*, CAB simply recites boilerplate language.

Next, the Complaint offers no facts permitting a plausible inference that AWM had the requisite specific intent. CAB offers only the generic conclusion that AWM engages in encouraging, instructing, and/or aiding one or more persons in the United States to use the accused products. Conclusory allegations that AWM has encouraged, instructed, and/or aided end users are insufficient. Rather, CAB should have cited specific examples of those purported acts of inducement. *See Dodots*, 2018 U.S. Dist. LEXIS 213202, at *12-13 ("Although Plaintiff cites Defendants' website as support for its allegation, it does so generically and does not identify any particular statement or material that plausibly suggests Defendants intend to induce infringement of the Patents-in-Suit. The Court has visited the website and is unable to find any instruction, direction or encouragement that would reasonably support such an inference."). Here, CAB cites no evidence, such as AWM instruction manuals, product guides or any other materials or communications, from which the Court can draw an inference that AWM has acted with specific intent. Like in the *Dodots* case, CAB's general citation to AWM's website is not enough.

Because CAB's Complaint fails to allege knowledge of infringement and specific intent to cause infringement, CAB's Complaint fails to state a claim for induced infringement and should be dismissed.

### 2. CAB's Conclusions Regarding Contributory Infringement Are Just as Inadequate and Also Fail Under Rule 12(b)(6)

Like its claims for enhanced damages and induced infringement, CAB's Complaint fails to state a claim for contributory infringement. "To plead contributory infringement, the complaint must allege that the defendant: '(1) had knowledge of the patent; (2) sold products especially made for [the combination product's] infringing use; (3) had knowledge of the infringing use; (4) sold products with no substantial noninfringing use; and (5) [the combination product] directly infringed.'" *Hsm Portfolio LLC v. Fujitsu Ltd.*, No. 11-770-RGA, 2014 U.S. Dist. LEXIS 125500, at *5-6 (D. Del. Sept. 9, 2014). For nearly all of these elements, CAB's Complaint fails to allege facts plausibly supporting the inference that AWM contributorily infringed.

As a threshold matter, CAB's contributory infringement allegations add no new factual allegations regarding AWM's knowledge of infringement and suffer from the same deficiencies as those in CAB's claims for enhanced damages and induced infringement. *See* D.I. 1 ¶¶ 39, 40, 52, 53. For this reason alone, and for the same reasons those claims fail, CAB's contributory infringement allegations also fail to state a claim. *See ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 249 (D. Del. 2021) ("Claims of indirect infringement—that is, induced or contributory infringement—require proof that the defendant's conduct occurred after the defendant (1) knew of the existence of the asserted patent and (2) knew that

14

a third party's acts constituted infringement of the patent.").

In addition to the absence of facts supporting AWM's knowledge of infringement, CAB's contributory infringement allegations are nothing more than mere labels and legal conclusions accompanying a verbatim recitation of 35 U.S.C. § 271(c):

> [39. / 52.] Further on information and belief, AWM contributes to the direct infringement of at least [claim 19 of the '551 Patent / claim 1 of the '291 Patent] by end-users of the accused [Hardware assemblies / Messenger Cable and Messenger Cable Hanger products] by offering to sell or selling and/or importing a patented component or material and/or apparatus used to practice the invention, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of at least [claim 19 of the '551 Patent / claim 1 of the '291 Patent] and not a staple article or commodity of commerce suitable for substantial non-infringing use.

> [40. / 53.] AWM has had actual knowledge of the ['551 Patent / '291 Patent] since before the date of this complaint and continues to perform the acts alleged herein with the knowledge, or in willful blindness, that it contributes to the direct infringement of the ['551 Patent / '291 Patent].

D.I. 1 ¶¶ 39, 40, 52, 53. Once again, CAB offers no *facts* allowing for a plausible inference that AWM has contributorily infringed. For example, CAB merely parrots the statutory language that the accused products are not a staple article or commodity of commerce suitable for substantial noninfringing use. D.I. 1 ¶¶ 39, 52. Such bare allegations are wholly deficient. *AgroFresh*, 2019 U.S. Dist. LEXIS 13832, at *11-14 ("Plaintiff does not dispute that these allegations simply parrot the statutory language regarding contributory-infringement. As the Federal Circuit made clear in

*Bill of Lading*, however, '[t]o state a claim for contributory infringement, . . . a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial noninfringing uses.' *Bill of Lading*, 681 F.3d at 1337. Here, there are no such facts pleaded to allow the Court to draw such an inference."); *see also AgroFresh Inc. v. Essentiv LLC*, No. 16-662-MN-SRF, 2018 U.S. Dist. LEXIS 218379, at *17 (D. Del. Dec. 27 2018) ("Moreover, the FAC fails to sufficiently allege that TruPick has no substantial non-infringing use. Courts within this district have held that reciting this element of the cause of action, without more, is not sufficient to survive a motion to dismiss under Rule 12(b)(6).").

Here, the patents themselves belie CAB's conclusory allegations of no substantial noninfringing uses. The patents disclose that numerous potentially accused—but unidentified by CAB—components are staple articles of commerce and/or have substantial noninfringing use. For example, Claim 1 of the '291 Patent includes a limitation directed to a "messenger wire" that supports a plurality of cable hangers. D.I. 1-2, 20 ('291 Patent at Claim 1). However, the '291 Patent repeatedly explains that messenger wires are commonly used in well-known systems for organizing conductive wires. *See, e.g.*, *id.* at 16 ('291 Patent at 1:20-25) ("In solar, mining, and electrical industries there is a need for electrical cables to extend from a power or signal source to a location of application. ***Such cables are usually***

***supported by a messenger wire*** that are themselves independently structurally supported and strung along the planned cable route.") (emphasis added). Further, the specification explains that prior art (noninfringing) systems on the market at the time of the patent already used messenger wires to support a plurality of cable hangers. *See, e.g.*, *id.* ('291 Patent at 1:65-2:27) ("All styles of hangers presently on the market can easily fall off the messenger wire because they are only hanging by one open loop, and they can fall off when bumped during cable installation."). Accordingly, the CAB's patents themselves tell us that messenger wire was (and is) regularly used in noninfringing systems. In other words, this component of CAB's purported invention is a "staple article of commerce" as that term is used in section 271(c).

Similarly, Claim 19 of the '551 Patent includes a limitation directed toward conductive piles. *See* D.I. 1-1, 18. Like messenger wires, conductive piles have substantial noninfringing uses and/or are staple articles of commerce. The '551 Patent explains that "[i]n solar, mining, and electrical industries there is a need for electrical cables to extend from a power or signal source to a location of application. ***Such cables are usually indirectly connected and supported by a support assembly including a number of poles or piles (hereinafter, and collectively, "piles")***, a messenger wire, and a number of cable hangers." *Id.* at 13 ('551 Patent at 1:17-23) (emphasis added). The patent further explains that these prior art assemblies

comprise *conductive* piles—"Presently, the grounding conductor is grounded by splicing a conductor, such as, but not limited to, a copper wire into the grounding conductor and coupling the copper wire to a grounding cable or, ***if the piles are conductive, to each pile***." *Id.* ('551 Patent at 2:6-10 (emphasis added). Again, the patents admit that a component of the purported invention, conductive piles, were regularly used in well-known and noninfringing systems at the time of the patent. These, too, are staple articles of commerce.

Despite these admissions, CAB fails to identify any particular component in the accused AWM products that allegedly gives rise to contributory infringement. Instead, CAB seems to point to the entirety of the "Hardware assemblies" and "Messenger Cable and Messenger Cable Hanger products" as infringing. *See* D.I. 1 ¶¶ 39, 52. Quite apart from the facial deficiencies in CAB's factual allegations, this leads to an additional fundamental problem with CAB's contributory infringement allegations: CAB already accuses these same products of direct infringement. *See id.* at ¶¶ 36, 48.

If the accused "component" allegedly satisfies the limitations of the asserted claims before being incorporated into a combination product, that "component" cannot and does not give rise to contributory infringement: it is not a "component" of a patented invention for purposes of section 271(c). It is (allegedly) the patented invention itself. *Bench Walk Lighting LLC v. LG Innotek Co.*, 530 F. Supp. 3d 468,

491 (D. Del. 2021) ("Defendants correctly noted in their opening brief that . . . here, Plaintiff's FAC seems to be alleging that 'the Accused LED [Products] themselves allegedly satisfy the limitations of the asserted claims before their incorporation into any combination[—i.e.] not contributory infringement.'"). Under such circumstances, contributory infringement allegations cannot stand. *Hsm Portfolio*, 2014 U.S. Dist. LEXIS 125500, at *5-7 ("Toshiba's main argument is that the accused semiconductor chips are not components especially designed for an infringing product because they are accused of direct infringement in and of themselves. I agree. . . . Contributory infringement requires 'a component of a patented [invention].' . . . The reason that it is necessary to plead that the component has no substantial noninfringing uses is that ***the component alone does not directly infringe***. Plaintiffs' arguments do not make legal sense. I will therefore dismiss the contributory infringement claim.") (internal citations omitted) (emphasis added).

Beyond this fundamental problem with the theory of indirect liability, CAB's allegations of contributory inducement are no more than a recitation of 35 U.S.C. § 271(c) and include mere labels and conclusions. As a result, CAB fails to plausibly allege AWM's knowledge of third-party direct infringement, fails to plausibly allege a lack of substantial noninfringing uses, and fails to plausibly allege contributory infringement as a matter of law.

## VII.   CONCLUSION

For the foregoing reasons, AWM respectfully requests that the Court dismiss CAB's claims for enhanced damages, induced infringement, and contributory infringement under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

Dated: June 22, 2023

OF COUNSEL:

Andrew H. DeVoogd (*pro hac vice*)
Serge Subach (*pro hac vice*)
Williams S. Dixon (*pro hac vice*)
**MINTZ LEVIN COHN FERRIS**
    **GLOVSKY & POPEO PC**
One Financial Center
Boston, Massachusetts 02111
(617) 542-6000
DHDeVoogd@mintz.com
SSubach@mintz.com
WSDixon@mintz.com

Respectfully submitted,

FARNAN LLP

*/s/ Brian E. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
Phone: (302) 777-0300
BFarnan@farnanlaw.com
MFarnan@farnanlaw.com

*Attorneys for Defendant*
*Affordable Wire Management, LLC*