# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| CAMBRIA COUNTY ASSOCIATION FOR THE BLIND AND HANDICAPPED, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> AFFORDABLE WIRE MANAGEMENT, LLC., <br><br> *Defendant.* | C.A. No.: 23-cv-80-SRF <br><br> **JURY TRIAL DEMANDED** |

## DEFENDANT AFFORDABLE WIRE MANAGEMENT, LLC'S OPENING BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Dated: August 11, 2023

OF COUNSEL:

Andrew H. DeVoogd (*pro hac vice*)
Serge Subach (*pro hac vice*)
Williams S. Dixon (*pro hac vice*)
**MINTZ LEVIN COHN FERRIS
  GLOVSKY & POPEO PC**
One Financial Center
Boston, Massachusetts 02111
(617) 542-6000
DHDeVoogd@mintz.com
SSubach@mintz.com
WSDixon@mintz.com

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 N. Market St., 12th Floor
Wilmington, DE 19801
Phone: (302) 777-0300
BFarnan@farnanlaw.com
MFarnan@farnanlaw.com

*Attorneys for Defendant
Affordable Wire Management, LLC*

# **TABLE OF CONTENTS**

Page

I.      INTRODUCTION ........................................................................1

II.     NATURE AND STAGE OF THE PROCEEDINGS .....................................1

III.    SUMMARY OF ARGUMENT .........................................................2

IV.     STATEMENT OF FACTS ...............................................................3

        A.    Allegations of Knowledge of Infringement ...............................3

        B.    Allegations of False Marking and False Advertising..........................5

V.      LEGAL STANDARD FOR MOTION TO DISMISS ....................................6

VI.     ARGUMENT..............................................................................7

        A.    CAB's Claims for Enhanced Damages and Indirect Infringement Fail
              to Plausibly Allege Knowledge of Infringement ..................................8

        B.    CAB's Allegations of Contributory Infringement Fail to Plausibly
              Allege that the Accused Products Are Not a Staple Article or
              Commodity of Commerce Suitable for Substantial Noninfringing
              Use .................................................................................13

        C.    CAB's Claims for False Patent Marking and False Advertising Fail to
              Plausibly Allege Any Causal Connection to a Competitive Injury ....16

VII.    CONCLUSION...........................................................................20

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AgroFresh Inc. v. Essentiv LLC*,
   No. 16-662 (MN), 2019 U.S. Dist. LEXIS 13832 (D. Del. Jan. 29,
   2019) ................................................................................................13, 14

*AgroFresh Inc. v. Essentiv LLC*,
   No. 16-662-MN-SRF, 2018 U.S. Dist. LEXIS 218379 (D. Del.
   Dec. 27, 2018)........................................................................................14

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).................................................................................7

*Bench Walk Lighting LLC v. LG Innotek Co.*,
   530 F. Supp. 3d 468 (D. Del. 2021)..................................................9, 11

*Cot'n Wash, Inc. v. Henkel Corp.*,
   56 F. Supp. 3d 613 (D. Del. 2014)..................................................17, 19

*Deere & Co. v. AGCO Corp.*,
   No. 18-827-CFC, 2019 U.S. Dist. LEXIS 25885 (D. Del. Feb. 19,
   2019) ................................................................................................11, 12

*Dodots Licensing Sols. LLC v. Lenovo Holding Co.*,
   No. 18-098 (MN), 2018 U.S. Dist. LEXIS 213202 (D. Del. Dec.
   19, 2018) ..................................................................................................6

*Dynamic Data Techs., LLC v. Brightcove Inc.*,
   No. 19-1190-CFC, 2020 U.S. Dist. LEXIS 127734 (D. Del. July
   21, 2020) .............................................................................................6, 13

*Gravelle v. Kaba Ilco Corp.*,
   684 Fed. Appx. 974 (Fed. Cir. 2017)....................................................17

*Hsm Portfolio LLC v. Fujitsu Ltd.*,
   No. 11-770-RGA, 2014 U.S. Dist. LEXIS 125500 (D. Del. Sept. 9,
   2014) .......................................................................................................14

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
   869 F.3d 1372 (Fed. Cir. 2017) .............................................................................9

*Mayer v. Belichick*,
   605 F.3d 223 (3d Cir. 2010) ..................................................................................6

*Nespresso USA, Inc. v. Ethical Coffee Co. SA*,
   No. 16-194-GMS, 2017 U.S. Dist. LEXIS 109460 (D. Del. 2017) ............17, 20

*Norix Grp., Inc. v. Corr. Techs., Inc.*,
   No. 17-cv-07914, 2018 U.S. Dist. LEXIS 131435 (N.D. Ill. Aug. 6,
   2018) ....................................................................................................................19

*Pocket Plus, L.L.C. v. Runners High, LLC*,
   No. 21-cv-4-CJW, 2021 U.S. Dist. LEXIS 252962 (N.D. Iowa July
   26, 2021) ..............................................................................................................19

*Reybold Grp. of Cos. v. Doe*,
   323 F.R.D. 205 (D. Del. 2017) ............................................................................17

*Rogers v. Conair Corp.*,
   No. 10-1497, 2012 U.S. Dist. LEXIS 58110 (E.D. Pa. Apr. 25,
   2012) ....................................................................................................................19

*ZapFraud, Inc. v. Barracuda Networks, Inc.*,
   528 F. Supp. 3d 247 (D. Del. 2021) ......................................................................9

## I.    INTRODUCTION

Cambria County Association for the Blind and Handicapped, Inc. ("CAB") alleges infringement of certain claims of U.S. Patent Nos. 10,177,551 ("'551 Patent") and 11,349,291 ("'291 Patent") (collectively, the "Asserted Patents") against Affordable Wire Management, LLC ("AWM"), and further alleges that AWM has falsely marked and falsely advertised its products. Pursuant to Federal Rule of Civil Procedure 12(b)(6), AWM respectfully moves to dismiss CAB's enhanced damages, induced infringement, contributory infringement, false patent marking, and Lanham Act false advertising claims for failure to sufficiently plead facts to support those claims.

## II.    NATURE AND STAGE OF THE PROCEEDINGS

On January 23, 2023, CAB filed its Complaint. D.I. 1. CAB asserted claims for willful, direct, induced, and contributory infringement of the Asserted Patents. *Id.* On June 22, 2023, pursuant to Fed. R. Civ. P. 12(b)(6), AWM moved to dismiss the Complaint's claims for willful, induced, and contributory infringement for failure to state a claim upon which relief may be granted.

In response, on July 17, 2023, CAB filed a First Amended Complaint ("FAC") (D.I. 18). The FAC again alleged claims for willful, direct, induced, and contributory infringement of the Asserted Patents. It also added brand new allegations, namely claims for false patent marking pursuant to 35 U.S.C. §292 and false advertising

under the Lanham Act. AWM moves to dismiss the claims in CAB's FAC for willful infringement, induced infringement, contributory infringement, false patent marking, and false advertising for failure to state a claim upon which relief may be granted. None of these claims pass muster under Fed. R. Civ. P. 12(b)(6).

## III.    SUMMARY OF ARGUMENT

1.    Despite a second shot on goal with an amended pleading, CAB still fails to state a cognizable claim against AWM for enhanced damages, indirect infringement, and contributory infringement. Specifically, CAB fails to allege facts plausibly showing that AWM knew of, or was willfully blind to, its alleged infringement of the Asserted Patents—an essential element to a claim for enhanced damages due to willful infringement. Instead, CAB relies solely on two vague pre-suit letters that fail to identify how or why AWM's products allegedly infringe. CAB's claim for enhanced damages, indirect infringement, and contributory infringement should be dismissed.

2.    What's more, CAB also fails to state a claim against AWM for contributory infringement for an independent reason: the FAC fails to allege any facts supporting the inference that the Accused Products are not staple articles or commodities of commerce suitable for substantial non-infringing uses. In fact, the Asserted Patents themselves disclose that at least the accused messenger wire products are staple articles of commerce and/or have substantial noninfringing use.

CAB's claim for contributory infringement should be dismissed.

3.     CAB's newly minted claims of false patent marking and false advertising fare no better. In particular, these claims fail to plead plausible factual allegations that any actual injury is the result of AWM's purported false marking or false advertising. The FAC offers only conclusory statements that include no facts attributing any injury to the acts of false marking or false advertising and should be dismissed.

## IV.   STATEMENT OF FACTS

CAB's FAC requests enhanced damages due to alleged willful infringement and asserts that AWM indirectly infringes at least claim 14 of the '291 Patent and at least claim 1 of the '551 Patent. CAB's claims for enhanced damages and indirect infringement are all based on allegations that AWM had pre-suit knowledge of infringement. The FAC further alleges that AWM engaged in false patent marking in violation of 35 U.S.C. § 292 and false advertising under the Lanham Act.

### A.   Allegations of Knowledge of Infringement

CAB's allegations regarding knowledge of infringement are limited to the following paragraphs, which are nearly *identical* for each of the asserted patents:

> 38. By correspondence dated September 29, 2020, CAB notified AWM of the '551 Patent and raised questions of whether AWM's products infringed the claims of the '551 Patent. Subsequently, on August 11, 2022, CAB notified AWM that, after further review and investigation of AWM's products, including comparison of AWM's products to the claims of the patent, CAB concluded that certain of AWM's products,

particularly AWM's "Hardware" products as advertised on AWM's website, infringed one or more claims of the '551 Patent. Copies of CAB's September 29, 2020, and August 11, 2022, correspondence to AWM are attached collectively hereto as Exhibit 3.

61. By correspondence dated August 11, 2022 (attached hereto as part of Ex. 3), CAB notified AWM of the '291 Patent. In that letter, CAB notified AWM that, after review and investigation of AWM's products, including comparison of AWM's products to the claims of the patent, CAB concluded that certain of AWM's products, particularly AWM's "Messenger Cable Hangers," infringed one or more claims of the '291 Patent.

[39. / 62.] AWM has had actual notice of the ['551/'291] Patent since at least as early as [September 29, 2020 / August 11, 2022], and has had knowledge since at least [August 11, 2022 / that time] that products that it makes and/or has made, uses, offers for sale or sells in the United States, or imports into the United States, infringe the ['551/'291] Patent.

D.I. 18 ¶¶ 38, 39, 61, 62. In the referenced correspondence, CAB first expressly stated that it was ***not*** charging AWM with infringement. *See* D.I. 18-3, 3 (September 29, 2020 correspondence stating that "this letter is not making a charge of patent infringement."). Although CAB later expressed its belief that AWM likely infringed "at least one" unidentified claim of the Asserted Patents, it provided only vague statements without any analysis regarding ***why*** AWM's products likely infringed:

It appears from our investigation that certain products manufactured, used, sold or offered for sale by AWM in the United States, or imported by AWM into the United States, likely infringe one or more claims of the '551 and '291 patents. We have specifically compared the "Messenger Cable Hangers" and the "Hardware" products identified on AWM's website, https://affordablewm.com/products-1, with the claims of the patents. Our analysis leads us to conclude that the "Messenger Cable Hangers" in conjunction with related AWM

4

products such as depicted on AWM's website are covered by at least one of the claims of the '291 patent. We have also concluded that the "Hardware" products identified on AWM's website are covered by at least one of the claims of the '551 patent.

D.I. 18-3, 4-5 (August 11, 2022 correspondence). The letter provided no further explanation, and CAB failed to attach any claim charts or provide any other basis to evaluate CAB's unsupported claims of infringement. *See generally* D.I. 18-3.

### B. Allegations of False Marking and False Advertising

CAB cites AWM's website and a purported product catalog to support its allegations of false marking and false advertising claims. Pertinent to this motion, CAB makes only conclusory statements regarding injuries due to the alleged false marking and/or false advertising. D.I. 18 ¶¶ 100-108, 113-125. For example, in both its false marking and false advertising claims, CAB's allegations amount to nothing more than disjoined statements that (1) AWM falsely marks its products as patented and (2) CAB has suffered harm:

- AWM falsely marks its products as patented as a marketing strategy and for a competitive advantage

- AWM deceives the public by cultivating a false reputation in the marketplace as a technology innovator

- AWM and CAB are direct competitors, and CAB's solar industry hanger products are patented and compete directly with AWM's products

- AWM's false marking practices have "improperly upset the competitive relationship" between CAB and AWM, and AWM's false marking scheme has allowed AWM to unfairly compete against CAB

in the marketplace

- CAB has lost and continues to lose sales to AWM in competitive bids for solar energy industry installation products where CAB and AWM are the sole bidders

- AWM's false marking has caused CAB to suffer "substantial and irreparable harm including, without limitation, lost sales, loss of market share, loss of business opportunities, and loss of goodwill"

- AWM's false marking and marketing strategies have caused harm to CAB by diverting potential CAB sales to AWM and lessening goodwill Associated with CAB's products

*Id.* Noticeably absent from these allegations is ***any*** factual support tying the alleged false marking or false advertising to any purported injury suffered by CAB.

## V.   LEGAL STANDARD FOR MOTION TO DISMISS

In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must (1) accept as true all well-pleaded factual allegations in the complaint and (2) view all well-pleaded factual allegations in the light most favorable to the plaintiff. *See Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010). However, the Court is not required to accept as true "bald assertions, unsupported conclusions or unwarranted inferences." *Dodots Licensing Sols. LLC v. Lenovo Holding Co.*, No. 18-098 (MN), 2018 U.S. Dist. LEXIS 213202, at *3 (D. Del. Dec. 19, 2018); *see also Dynamic Data Techs., LLC v. Brightcove Inc.*, No. 19-1190-CFC, 2020 U.S. Dist. LEXIS 127734, at *2 (D. Del. July 21, 2020) ("Detailed factual allegations are not required, but the complaint must include more than mere 'labels and conclusions' or 'a

formulaic recitation of the elements of a cause of action.'") (citation omitted). If a complaint does not contain "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face,'" dismissal under Rule 12(b)(6) is appropriate. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## VI.   ARGUMENT

CAB's claims for enhanced damages, induced infringement, and contributory infringement all require specific factual allegations that plausibly support the inference that AWM had knowledge that its conduct ***constituted, induced, or contributed to infringement***. For each claim, at best, CAB offers factual allegations supporting only the inference that AWM was aware of the Asserted Patents. Because CAB fails to sufficiently plead ***knowledge of infringement***, its claims for enhanced damages, induced infringement, and contributory infringement should be dismissed.

In addition to failing to allege that AWM had specific knowledge of infringement prior to the filing of the Complaint, CAB's claims for contributory infringement offer only conclusory allegations while reciting the legal elements for contributory infringement. In particular, CAB fails to sufficiently plead that the accused products are not staple articles of commerce having no substantial noninfringing uses. This is objectively insufficient under the law, and the claims must be dismissed.

Finally, for CAB's claims of false marking and false advertising, CAB must plead plausible factual allegations that its injury is the result of AWM's purported false marking or false advertising. The FAC offers only conclusory statements that include no *facts* tying any injury to the acts of false marking or false advertising. This is inadequate on its face, and the claims must be dismissed.

### A.   CAB's Claims for Enhanced Damages and Indirect Infringement Fail to Plausibly Allege Knowledge of Infringement

To survive a motion to dismiss, CAB's claims for enhanced damages and indirect infringement must include plausible allegations that AWM had knowledge that its conduct constituted, induced, or contributed to infringement. CAB's FAC fails to do so. The sole basis for CAB's allegations of AWM's knowledge of infringement are two threadbare letters that do not provide *any notice of how* AWM purportedly infringes any Asserted Patent—and one of these letters even expressly disclaims any allegation of infringement. The vague and conclusory content of these letters do not allow for the plausible inference that AWM had the requisite knowledge of infringement or knowledge of a third party's direct infringement.

Knowledge of infringement is an essential element for CAB's claims for indirect infringement and enhanced damages based on willful infringement— without knowledge, CAB's allegations fail to state a claim. "Claims for induced, contributory and willful infringement all require that the defendant had knowledge of the patents-in-suit *and* knowledge that the acts at issue constituted patent

infringement." *Bench Walk Lighting LLC v. LG Innotek Co.*, 530 F. Supp. 3d 468, 491 (D. Del. 2021) (emphasis added); *see also Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (to state a claim for induced infringement, complaint must plead facts plausibly showing that (1) the accused infringer specifically intended another party to infringe the patent and (2) the accused infringer knew that another party's acts constituted direct infringement); *ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 249 (D. Del. 2021) ("Claims of indirect infringement—that is, induced or contributory infringement—require proof that the defendant's conduct occurred after the defendant (1) knew of the existence of the asserted patent and (2) knew that a third party's acts constituted infringement of the patent.").

Here, CAB makes the conclusory allegation that AWM has had knowledge of infringement of both asserted patents since at least August 11, 2022. *See* D.I. 18 ¶¶ 39, 62. CAB's only "factual" support for this assertion is Exhibit 3 to the FAC, which consists of two letters from CAB to AWM:

> 38. By correspondence dated September 29, 2020, CAB notified AWM of the '551 Patent and raised questions of whether AWM's products infringed the claims of the '551 Patent. Subsequently, on August 11, 2022, CAB notified AWM that, after further review and investigation of AWM's products, including comparison of AWM's products to the claims of the patent, CAB concluded that certain of AWM's products, particularly AWM's "Hardware" products as advertised on AWM's website, infringed one or more claims of the '551 Patent. Copies of CAB's September 29, 2020, and August 11, 2022, correspondence to AWM are attached collectively hereto as Exhibit 3.

> 61. By correspondence dated August 11, 2022 (attached hereto as part of Ex. 3), CAB notified AWM of the '291 Patent. In that letter, CAB notified AWM that, after review and investigation of AWM's products, including comparison of AWM's products to the claims of the patent, CAB concluded that certain of AWM's products, particularly AWM's "Messenger Cable Hangers," infringed one or more claims of the '291 Patent.

*Id.* ¶¶ 38, 61. Tellingly, CAB characterizes the letters as "rais[ing] questions" of whether AWM's products infringed and later "notif[ying]" AWM that CAB believed certain products infringed. *Id*. But the letters fail to provide notice of facts supporting *why* CAB believed AWM's products infringed or *how* AWM's products allegedly infringed. In fact, instead of providing *any* explanation, CAB's first letter expressly disclaimed any allegation of infringement: "this letter is ***not making a charge of patent infringement***." *See* D.I. 18-3, 3 (2020 correspondence) (emphasis added).

Although CAB's 2022 letter noted that CAB concluded that AWM "likely infringed" the Asserted Patents, it provided no analysis of *how or why* AWM's products likely infringed:

> It appears from our investigation that certain products manufactured, used, sold or offered for sale by AWM in the United States, or imported by AWM into the United States, likely infringe one or more claims of the '551 and '291 patents. We have specifically compared the "Messenger Cable Hangers" and the "Hardware" products identified on AWM's website, https://affordablewm.com/products-1, with the claims of the patents. Our analysis leads us to conclude that the "Messenger Cable Hangers" in conjunction with related AWM products such as depicted on AWM's website are covered by at least one of the claims of the '291 patent. We have also concluded that the "Hardware" products identified on AWM's website are covered by at

least one of the claims of the '551 patent.

D.I. 18-3, 4-5 (2022 correspondence). This two-page letter provided no additional explanation of CAB's purported "investigation," and CAB did not attach any claim charts or provide a comparison of any single claim with any particular product— indeed, CAB failed to identify any claims and did not substantiate or explain its suggestion of infringement in any way. *See generally* D.I. 18-3. Aside from a complete lack of explanation for direct infringement, CAB failed to even offer conclusory allegations regarding indirect infringement due to third parties purchasing or using AWM's products. Therefore, like its allegations here, CAB merely stated a threadbare legal conclusion devoid of any facts. That is not enough.

CAB's conclusory 2022 letter is strikingly similar to letters this District has previously found to be insufficient to support plausible allegations of knowledge of infringement. *See, e.g.*, *Bench Walk Lighting*, 530 F. Supp. 3d at 491-92 (letter that made "no attempt to describe *how*" the defendant infringed was insufficient to satisfy knowledge of infringement element: "Nor does the court understand how the letter could have provided Defendants with notice of how they infringed any patent-in-suit, since the letter made no attempt to do so.") (collecting cases and citing *Dynamic Data Techs. v. Google LLC*, No. 19-1529-CFC, 2020 U.S. Dist. LEXIS 46285 (D. Del. Mar. 18, 2020); *Deere & Co. v. AGCO Corp.*, No. 18-827-CFC, 2019 U.S. Dist. LEXIS 25885, at *15-16 (D. Del. Feb. 19, 2019) (dismissing claims for enhanced

damages where "[t]he only alleged source of Defendants' knowledge of these patents is the August 2017 letter. . . [N]or do the amended complaints allege that the letter stated that (let alone explained how) the combination of a vSet Product and the SpeedTube Product or the combination of AGCO's planters with either a vSet Product or the SpeedTube Product infringe the four patents asserted in Counts 1, 2, 5, and 6. Thus, it cannot be said that Defendants knew or should have known from the alleged contents of the August 2017 letter that Defendants' activities constituted a sufficient risk of infringement to make them cease those activities.").

CAB levied bare legal assertions of infringement in its letters to AWM, and made no attempt to explain *how* AWM infringed the asserted patents. Consequently, "it *cannot be said* that [AWM] knew or should have known from the alleged contents of the [September 2022] letter that [AWM's] activities constituted a sufficient risk of infringement to make them cease those activities." *Deere & Co.*, 2019 U.S. Dist. LEXIS 25885, at *15-16 (emphasis added).

Aside from the purported knowledge due to CAB's letters, the amended complaint suffers from the same deficiencies as its original Complaint: CAB offers nothing more than legal conclusions regarding AWM's knowledge of infringement unsupported by any facts. *See* D.I. 18 ¶¶ 40-46, 63-68. For example, CAB provides no additional *factual allegations* allowing for the plausible inference that AWM knew that third parties were directly infringing. "The only allegations of [AWM's]

12

pre-suit knowledge of infringement are conclusory statements that merely recite the legal requirements for induced infringement." *Dynamic Data Techs.*, 2020 U.S. Dist. LEXIS 127734, at *12; *see also AgroFresh Inc. v. Essentiv LLC*, No. 16-662 (MN), 2019 U.S. Dist. LEXIS 13832, at *6-8 (D. Del. Jan. 29, 2019) ("[I]nstead of identifying the 'allegations of underlying direct infringement,' Plaintiff simply reiterates the same boilerplate allegation that Defendants themselves 'directly infringe' and 'have actively and specifically intended to induce third party customers to infringe.' There are no facts pleaded to render these allegations plausible, and the allegations are therefore insufficient to meet the required pleading of underlying direct infringement.").

Put simply, CAB has failed to allege any facts that plausibly show that AWM was aware or should have been aware of any risk that its conduct constituted, induced, or contributed to infringement. Accordingly, CAB's claims for enhanced damages and indirect infringement should be dismissed.

## B. CAB's Allegations of Contributory Infringement Fail to Plausibly Allege that the Accused Products Are Not a Staple Article or Commodity of Commerce Suitable for Substantial Noninfringing Use

CAB's failure to provide plausible factual allegations that the accused products are not a staple article or commodity of commerce suitable for substantial noninfringing use is an independent basis to dismiss CAB's claims for contributory infringement. In addition to pleading knowledge of infringement, CAB must

plausibly allege that AWM "sold products with no substantial noninfringing use" to sufficiently plead contributory infringement. *Hsm Portfolio LLC v. Fujitsu Ltd.*, No. 11-770-RGA, 2014 U.S. Dist. LEXIS 125500, at *5-6 (D. Del. Sept. 9, 2014). The FAC fails to cure the original Complaint's absence of facts plausibly supporting the inference that the accused products are not a staple article or commodity of commerce suitable for substantial noninfringing use.

For example, the FAC continues to parrot the statutory language, merely stating that the accused products are not a staple article or commodity of commerce suitable for substantial noninfringing use. It offers nothing more. D.I. 1 ¶¶ 46, 68. Such bare allegations are wholly deficient:

> Plaintiff does not dispute that these allegations simply parrot the statutory language regarding contributory-infringement. As the Federal Circuit made clear in *Bill of Lading*, however, '[t]o state a claim for contributory infringement, . . . a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses.'

*AgroFresh*, 2019 U.S. Dist. LEXIS 13832, at *11-14 (quoting *In re Bill of Lading Transmission, Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012)). Here, there are no such facts pleaded to allow the Court to draw such an inference. *See e.g.*, *AgroFresh Inc. v. Essentiv LLC*, No. 16-662-MN-SRF, 2018 U.S. Dist. LEXIS 218379, at *17 (D. Del. Dec. 27, 2018) ("Moreover, the FAC fails to sufficiently allege that TruPick has no substantial non-infringing use. Courts within this district have held that reciting this element of the cause of action, without more,

14

is not sufficient to survive a motion to dismiss under Rule 12(b)(6).").

Even worse, the Asserted Patents *themselves* belie CAB's conclusory allegations of no substantial noninfringing uses: the Asserted Patents expressly disclose that accused components, such as messenger wires, *are* staple articles of commerce and/or have substantial noninfringing use. For example, CAB accuses AWM's messenger wire products of contributing to the infringement of Claim 14 the '291 Patent and Claim 1 of the '551 Patent. D.I. 18 ¶¶ 46, 68. However, both the '291 and '551 Patents repeatedly explain that messenger wires are commonly used in well-known systems for organizing conductive wires, including in the solar energy industry. *See, e.g.*, D.I. 18-1 at 13 ("In *solar*, mining, and electrical industries there is a need for electrical cables to extend from a power or signal source to a location of application. *Such cables are usually indirectly connected and supported by* a support assembly including a number of poles or piles (hereinafter, and collectively "piles"), *a messenger wire*, and a number of cable hangers.") (emphasis added); D.I. 18-2 at 16 ("In solar, mining, and electrical industries there is a need for electrical cables to extend from a power or signal source to a location of application. *Such cables are usually supported by a messenger wire* that are themselves independently structurally supported and strung along the planned cable route.") (emphasis added). In other words, a required element for infringement, to hear CAB tell it, is a wire. It is hard to imagine a more rudimentary staple good with multiple

uses across multiple applications and fields.

Further, the '291 Patent specification explains that prior art (i.e., noninfringing) systems on the market at the time of the patent already used messenger wires to support a plurality of cable hangers. *See, e.g.*, D.I. 18-2 at 16 ("All styles of hangers presently on the market can easily fall off the messenger wire because they are only hanging by one open loop, and they can fall off when bumped during cable installation."). Accordingly, the CAB patents, attached as exhibits to the FAC, standing alone tell us that messenger wire was (and is) regularly used in noninfringing systems, including in the solar industry.

This all distills to the simple fact that the messenger wire component of CAB's purported invention—and AWM's product accused of contributorily infringing—is a "staple article of commerce" as that term is used in section 271(c). As a result, CAB fails to plausibly allege a lack of substantial noninfringing uses and thus fails to plausibly allege contributory infringement as a matter of law.

### C.   CAB's Claims for False Patent Marking and False Advertising Fail to Plausibly Allege Any Causal Connection to a Competitive Injury

CAB's claims for false patent marking and false advertising both must include—but do not include—plausible factual allegations that a ***causal connection*** exists between the alleged misrepresentations and a direct competitive injury to CAB. Instead, the FAC merely offers conclusory statements that are nothing more than repeated allegations that AWM allegedly falsely marks its products as patented

16

and, separately, that CAB has somehow suffered harm. *See* D.I. 18 ¶¶ 100-108, 113-125. However, the FAC is bereft of any plausibly supported factual allegations that the alleged misrepresentations ***caused*** any purported injury.

To survive a motion to dismiss, claims for false patent marking under 35 U.S.C. § 292 and false advertising under the Lanham Act must plausibly allege that the plaintiff suffered a competitive injury ***as a result of*** the false marking or deceptive act. *See Gravelle v. Kaba Ilco Corp.*, 684 Fed. Appx. 974, 978 (Fed. Cir. 2017) ("In the false-marking context, the injury must be one inflicted on a firm's competitive activity, caused by the false marking."); *Cot'n Wash, Inc. v. Henkel Corp.*, 56 F. Supp. 3d 613, 622-23 (D. Del. 2014) ("[T]he claimant must also show that "it suffered a competitive injury as a result of the false marking.'") (quoting *Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1373 (Fed. Cir. 2013)); *Reybold Grp. of Cos. v. Doe*, 323 F.R.D. 205, 209-10 (D. Del. 2017) ("Plaintiff must sufficiently allege: . . . that there is a likelihood of injury to the plaintiff in terms of declining sales, loss of good will, etc."); *Nespresso USA, Inc. v. Ethical Coffee Co. SA*, No. 16-194-GMS, 2017 U.S. Dist. LEXIS 109460, at *10 (D. Del. 2017) (a plaintiff must "allege that the 'economic or reputational injury ***flow[] directly*** from the deception wrought by the defendant's advertising,' which occurs 'when deception of consumers causes them to withhold trade from the plaintiff.'") (emphasis added).

CAB's allegations in the FAC are devoid of ***any*** factual support tying the

alleged false marking or false advertising to purported injuries suffered by CAB. Instead, CAB makes vague and conclusory allegations that it has suffered unspecified competitive disadvantages, that AWM and CAB are direct competitors, that CAB has lost competitive bids to AWM, and that it has suffered unspecified loss of sales, goodwill, and market share. D.I. 18 ¶¶ 100-108, 113-125. But merely losing competitive bids and market share, alone, can be attributable to any number of factors other than alleged false marking or misleading statements. These include, for example, pricing, product quality, product and component availability, warranty terms, ease of installation and use, and—according to CAB's own allegations in the FAC—alleged patent infringement. The list could go on. But CAB offers nothing more than mere speculation to suggest that the purported false marking and false statements are the cause of its alleged injuries. Rank speculation is insufficient to state a legally cognizable claim.

In the false marking context, this Court has rejected nearly identical allegations as conclusory and failing to sufficiently allege a causal connection between the alleged false marking and the injury:

> Defendants assert that they have suffered competitive injury because they compete with plaintiffs in the laundry products market and plaintiffs' false marking has caused defendants to suffer 'lost sales, loss of market share, loss of business opportunities, [and] loss of good will.' Although specific instances of competitive injury do not need to be pled to state a claim for false marking, defendants' conclusory allegations do not sufficiently indicate *a causal connection* between plaintiffs' alleged false marking and defendants' alleged injury.

*Cot'n Wash*, 56 F. Supp. 3d at 624-25 (citation omitted) (emphasis added).[1] Here, CAB's conclusory allegations of competitive injury likewise fail to pass muster.

The FAC fares no better with its false advertising claim. Borrowing heavily from its deficient false marking claim, CAB makes nearly identical, and in some places identical, allegations regarding purported competitive injuries. *Compare* D.I. 18 ¶¶ 100-108, *with* 113-125. CAB's conclusory allegations fail to plausibly allege any factual link between the alleged injuries and AWM's purportedly false advertising and representations. This type of general pleading of lost sales, loss of business opportunities, and loss of goodwill is insufficient as a matter of law:

> [T]here must be some ***facts*** in the pleadings that serve as links in the

---

[1] Numerous courts elsewhere have repeatedly found that similar allegations of competitive injury are insufficient to state a claim for false marking. *See, e.g.*, *Rogers v. Conair Corp.*, No. 10-1497, 2012 U.S. Dist. LEXIS 58110, at *15-17 (E.D. Pa. Apr. 25, 2012) (allegations that false marking resulted in stifled competition, lost sales, and competitive disadvantage rejected because "the Complaint 'fails to allege any actual competitive injury to Rogers resulting from Conair's marking practices that goes beyond mere speculation and conclusory statements.'"); *Pocket Plus, L.L.C. v. Runners High, LLC*, No. 21-cv-4-CJW, 2021 U.S. Dist. LEXIS 252962, at *22 (N.D. Iowa July 26, 2021) ("Plaintiff asserts only that it suffered a competitive injury because Defendant is a direct competitor in the same industry. . . . Plaintiff failed to set forth a sufficient factual basis tying Defendant's use of the controversial phrase with its intent to deceive the public, all of which then resulted in a direct injury to Plaintiff."); *Norix Grp., Inc. v. Corr. Techs., Inc.*, No. 17-cv-07914, 2018 U.S. Dist. LEXIS 131435, at *13-14 (N.D. Ill. Aug. 6, 2018) ("Here, Norix's speculative allegations of competitive injury fail to meet the requisite standard. Norix alleges that it competes with Cortech in a small market and that Cortech enjoys the advantage of not having to pay for patent applications while falsely reaping the marketing benefits of patent protection . . . but Norix fails to set forth any particular instances of competitive injuries or otherwise establish a causal connection between, for example, lost sales and Cortech's false marking.").

chain of inferences necessary to establish proximate cause under the Lanham Act. . . . There are simply no facts pled that plausibly allege a link between ECC's lost sales or goodwill and Nespresso's statements about the environmental impact of its capsules.

*Nespresso USA*, 2017 U.S. Dist. LEXIS 109460 at *10-13 (emphasis added). Here again, CAB's purported injuries (if there are any) may be attributable to any number of factors other than AWM's alleged false advertising—and the FAC includes no facts that plausibly allege the required link between false advertising and injury.

CAB's claims for false patent marking and false advertising fail to include plausible factual allegations that any causal connection exists between the alleged misrepresentations and a direct competitive injury to CAB. The FAC thus fails to state a claim for false marking and false advertising, and should be dismissed.

## VII.  CONCLUSION

For the foregoing reasons, AWM respectfully requests that the Court dismiss CAB's claims for enhanced damages, induced infringement, contributory infringement, false patent marking, and false advertising under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

Dated: August 11, 2023

Respectfully submitted,

FARNAN LLP

*/s/ Brian E. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
Phone: (302) 777-0300
BFarnan@farnanlaw.com
MFarnan@farnanlaw.com

Andrew H. DeVoogd (*pro hac vice*)
Serge Subach (*pro hac vice*)
Williams S. Dixon (*pro hac vice*)
MINTZ LEVIN COHN FERRIS
   GLOVSKY & POPEO PC
One Financial Center
Boston, Massachusetts 02111
(617) 542-6000
DHDeVoogd@mintz.com
SSubach@mintz.com
WSDixon@mintz.com

*Attorneys for Defendant*
*Affordable Wire Management, LLC*

21