**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CAMBRIA COUNTY ASSOCIATION FOR THE BLIND AND HANDICAPPED, INC., | |
| *Plaintiff,* | C.A. No.: 23-cv-80-SRF |
| v. | **JURY TRIAL DEMANDED** |
| AFFORDABLE WIRE MANAGEMENT, LLC., | |
| *Defendant.* | |

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS**
**MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Dated: September 1, 2023

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 N. Market St., 12th Floor
Wilmington, DE 19801
Phone: (302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Andrew H. DeVoogd (*pro hac vice*)
Serge Subach (*pro hac vice*)
Williams S. Dixon (*pro hac vice*)
MINTZ LEVIN COHN FERRIS
 GLOVSKY & POPEO PC
One Financial Center
Boston, Massachusetts 02111
(617) 542-6000
DHDeVoogd@mintz.com
SSubach@mintz.com
WSDixon@mintz.com

*Attorneys for Defendant Affordable Wire Management, LLC*

# TABLE OF CONTENTS

I. THE CAB LETTERS DO NOT PROVIDE KNOWLEDGE OF INFRINGEMENT ........1
II. THE CONTRIBUTORY INFRINGEMENT ALLEGATIONS IN THE FAC ARE INTERNALLY AND INHERENTLY CONFLICTING WITH RESPECT TO SUBSTANTIAL NONINFRINGING USE......................................................................3
III. CAB'S ATTEMPT TO BACKFILL THE LACK OF CAUSAL CONNECTION BETWEEN THE ALLEGED INJURY AND ALLEGED FALSE MARKING AND ADVERTISING SHOULD BE REJECTED....................................................................4
IV. CAB'S REQUEST FOR LEAVE TO FILE YET ANOTHER AMENDED COMPLAINT FAILS ................................................................................................6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Butamax Advanced Biofuels LLC v. Gevo, Inc.*,
   No. 11-54-SLR, 2012 U.S. Dist. LEXIS 86215 (D. Del. June 21, 2012) ................................. 6

*Deere & Co. v. AGCO Corp.*,
   No. 18-827-CFC, 2019 U.S. Dist. LEXIS 25885 (D. Del. Feb. 19, 2019) ............................... 3

*Doe v. Princeton Univ.*,
   30 F.4th 335 (3d Cir. 2022) ..................................................................................................... 6

*Flatworld Interactives LLC. v. Samsung Electronics Co., LTD.*,
   77 F. Supp. 3d 378 (D. Del. Dec. 31, 2014) ......................................................................... 1, 2

*Leo Pharma A/S, LEO Lab. Ltd., and Leo Pharma, Inc., v. Activis Lab.*,
   No. 116-333-JFB (D. Del. Feb. 26, 2018) .............................................................................. 6

*Peterson v. Shulkin*,
   No. 16-160-LPS, 2017 U.S. Dist. LEXIS 35101 (D. Del. Mar. 13, 2017) .............................. 5

*Pressure Products Med. Supplies, Inc. v. Greatbatch Ltd.*,
   599 F.3d 1308 (Fed. Cir. 2010) ............................................................................................... 6

*Retzlaff v. Horace Mann Ins.*,
   738 F. Supp. 2d 564 (D. Del. 2010) ........................................................................................ 4

*Secured Mail Sols. LLC v. Universal Wilde, Inc.*,
   873 F.3d 905 (Fed. Cir. 2017) ................................................................................................. 4

*Smith v. Delaware*,
   No. 07-600-JJF-LPS, 2009 U.S. Dist. LEXIS 62738 (D. Del. July 21, 2009) ........................ 7

*Source Vagabond Sys. v. Hydrapak, Inc.*,
   753 F.3d 1291 (Fed. Cir. 2014) ............................................................................................... 2

Pursuant to Local Rule 7.1.2, Defendant Affordable Wire Management, LLC ("AWM") files this Reply in further support of its Motion to Dismiss to address Cambria County Association for the Blind and Handicapped, Inc.'s ("CAB") Opposition ("Opposition"). D.I. 22.

## I. The CAB Letters Do Not Provide Knowledge of Infringement

As the sole basis for purporting that AWM had knowledge of its alleged infringement, CAB's First Amended Complaint (D.I. 18) (the "FAC") relies on two letters from CAB to AWM: one dated September 20, 2020 (D.I. 18-3, 2-3) (the "2020 Letter") and the second dated August 11, 2022 (*id.*, 4-5) (the "2022 Letter"). D.I. 18 ¶¶ 38, 39, 61, 62. Tellingly, the Opposition is silent as to the 2020 Letter, thereby tacitly admitting that this did not provide any such knowledge. *See generally* D.I. 22 at 7-13. Nor could it: the 2020 Letter *expressly disclaims* any allegation of infringement. *See* D.I. 18-3, 3 ("this letter is not making a charge of patent infringement").

Although the Opposition actually addresses the 2022 Letter, it fares no better. The assertions in that correspondence are indecisive, ambiguous, and refer to entirely unexplained purported "analysis." The hand-waving in the 2022 Letter is not enough to plausibly allege pre-suit knowledge of infringement. Allegations of actual notice, as CAB avers here, must be of "the infringement," not "merely notice of the patent's existence or ownership." *Flatworld Interactives LLC. v. Samsung Electronics Co., LTD.*, 77 F. Supp. 3d 378, 384 (D. Del. Dec. 31, 2014) ("Actual notice requires the ***affirmative*** communication of a ***specific*** charge of infringement by a ***specific*** accused product or device.")[1] (citation omitted). Yet that is exactly what the 2022 Letter asserts, and little (if anything) more.

*First*, CAB argues that the 2022 Letter "specifically identified the products that CAB's investigation had shown were infringing those patents." D.I. 22, 8. This is false. The letter only

---

[1] All emphasis is added unless stated otherwise.

1

vaguely refers to broad categories of unidentified products. D.I. 18-3, 4-5 (identifying in the plural "Messenger Cable Hangers" and "Hardware products"). As CAB knows, and as is common in the industry, each of these broad categories can comprise a number of products, each with different features, characteristics, and configurations. *See, e.g.*, D.I. 18, ¶4 (listing CAB's product categories). Indeed, in the FAC, CAB was able to identify a specific product model number, 30-0076-01, within the broader category of "Hardware products." *See id.* ¶¶33, 36. In the 2022 Letter, however, CAB did not identify any specific product. In short, the 2022 Letter fails to provide actual notice of infringement by an AWM product. *See Flatworld Interactives*, 77 F. Supp. 3d at 384.

*Second*, the Opposition states that the 2022 Letter "informed AWM that CAB had investigated certain AWM products [and] compared those products to the claims of the '551 and '291 Patents." D.I. 22, 9. That may be so, but the 2022 Letter provides no particulars concerning CAB's purported "analysis" that would lead AWM to believe that there was a plausible risk of infringement. In fact, the letter fails to even identify which specific claims of the '551 and '291 Patents CAB analyzed. D.I. 18-3, 3 (identifying only "one or more claims"). CAB still has not provided AWM with *any* information concerning its purported analysis: neither specific products, nor which claims of which patents, nor any other information regarding the purported comparison. *See, e.g.*, *Source Vagabond Sys. v. Hydrapak, Inc.*, 753 F.3d 1291, 1302 (Fed. Cir. 2014) (Affirming Rule 11 sanctions and stating that "[a] patent holder, if challenged, must be prepared to demonstrate to both the court and the alleged infringer ***exactly why*** it believed ***before filing the claim*** that it had a reasonable chance of proving infringement.").

*Third*, CAB argues that the 2022 Letter "specifically identified the two patents that were being infringed." D.I. 22, 8. This is also inaccurate. In reality, the letter merely requests to "resume our discussion … regarding what ***appears to be*** AWM's infringement of these patents" and

tentatively concludes that "certain products…*likely* infringe one or more claims of the '551 and '291 Patents." D.I. 18-3, 4. In other words, the 2022 Letter is requesting a continued dialogue and—at best—obliquely alluding to a vague prospect of infringement.

Beyond these facial deficiencies, and contrary to CAB's argument, AWM is not asserting that the 2022 Letter should have provided "AWM with an element-by-element analysis of AWM's infringement." D.I. 22, 7. The point is that CAB cannot simultaneously rely on the vague conclusions of a purported (but undescribed, unarticulated, and unsubstantiated) analysis of no patent claims in particular as the basis for satisfying the "knowledge of infringement" requirement for enhanced damages and indirect infringement, while at the same time withholding all information relating to and underlying its analysis. *Deere & Co. v. AGCO Corp.*, No. 18-827-CFC, 2019 U.S. Dist. LEXIS 25885, at *16 (D. Del. Feb. 19, 2019) ("it cannot be said that Defendants knew or should have known from the alleged contents of the August 2017 letter that Defendants' activities constituted a sufficient risk of infringement to make them cease those activities").

Therefore, because the 2022 Letter does not convey any affirmative or specific allegation of infringement, and with no other basis, the FAC fails to allege any facts that plausibly show that AWM was aware or should have been aware that its conduct constituted infringement.

## II. The Contributory Infringement Allegations in the FAC Are Internally and Inherently Conflicting With Respect to Substantial Noninfringing Use

The Opposition only underscores the fact that CAB's contributory infringement allegations cannot survive. As the Opposition acknowledges, merely pleading the absence of substantial non-infringing uses is insufficient where, as here, the pleadings undermine that allegation. D.I. 22, 13 (citing *Merck Sharp & Dohme Corp. v. Teva Pharms. USA, Inc.,* 2015 WL 4036951, at *7 (D. Del. July 1, 2015). Here, the FAC offered the conclusory allegation that the accused products are not a staple article or commodity of commerce suitable for substantial noninfringing use. D.I. 18, ¶¶46,

68. CAB's problem is that the Asserted Patents themselves expressly contradict and undermine this allegation. D.I. 20 at 15-16 (citing D.I. 18-1 ('551 Patent), 18-2 ('291 Patent)).

CAB attached the '551 and '291 Patents as exhibits to the FAC, and they are thus part of the motion to dismiss analysis. *Retzlaff v. Horace Mann Ins.*, 738 F. Supp. 2d 564, 567 (D. Del. 2010) ("Courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint, and matters of public record when reviewing a motion to dismiss."). The Court usually accepts the allegations of a well-pleaded complaint, but that is not universally true: it "need not accept as true allegations that contradict matters … by exhibit, such as the claims and patent specification." *Secured Mail Sols. LLC v. Universal Wilde, Inc.,* 873 F.3d 905, 913 (Fed. Cir. 2017). This exception to the general rule applies here. The plain teachings of the Asserted Patents ***expressly contradict*** the allegations of the FAC. For example, as to both Asserted Patents, the FAC identifies a messenger wire—which the patents identify as being commonly used in known systems for organizing conductive wires, including in the solar energy industry—as one of the primary accused components. D.I. 18, ¶33 (highlighting the "messenger cable" specifications), ¶55 (identifying the messenger wire).

Given these internal contradictions, the Court cannot accept these inconsistent "facts" set forth in the FAC as true. For this reason, CAB fails to plausibly allege a lack of substantial noninfringing uses and thus fails to plausibly allege contributory infringement as a matter of law.

### III. CAB's Attempt to Backfill the Lack of Causal Connection between the Alleged Injury and Alleged False Marking and Advertising Should Be Rejected

The Opposition acknowledges that, to survive a motion to dismiss, CAB's false marking and advertising claims require plausible allegations of causation, whereby CAB "must demonstrate, *inter alia*, that it suffered a competitive injury ***as a result of*** AWM's false marking." D.I. 22, 15 (internal citation omitted). But CAB is incorrect insofar as it goes on to argue that

4

"causation is not an issue in determining the sufficiency of pleading." D.I. 22, 20.

The FAC includes allegations that CAB suffered unspecified competitive disadvantages, that AWM and CAB are direct competitors, that CAB has lost unidentified competitive bids to AWM, and that it has suffered unspecified loss of sales, goodwill, and market share. D.I. 18 ¶¶ 100-108, 113-125. But the FAC does not demonstrate, let alone plead, any causal connection between AWM's purported actions and CAB's alleged harm. Now CAB's Opposition attempts to backfill the causation requirement with naked attorney argument. As an initial matter, such attempts to cure the FAC's defects through attorney argument in an opposition to a motion to dismiss cannot cure defects in pleading and should be rejected. *Peterson v. Shulkin*, No. 16-160-LPS, 2017 U.S. Dist. LEXIS 35101, at *9 n.3, *13 (D. Del. Mar. 13, 2017) (Granting motion to dismiss and explaining that "Plaintiff may not amend his Complaint through his opposition brief, and new facts may not be considered by the Court on the instant motion to dismiss."). Further, the following new allegations—attorney argument only, absent any citation to the FAC, and made for the first time in its Opposition—demonstrate what the FAC lacks:

| **Attorney Argument in the Opposition** | **Facts Plead in the FAC?** |
| --- | --- |
| "CAB's goodwill, and its ability to differentiate itself from the competition, is impaired ***as a result of*** AWM's false marketing and advertising." D.I. 22, 17. | No. |
| "AWM's scheme ***results in*** CAB suffering competitive and economic injuries including lost sales, lost market share, and lost business opportunities, as well as the lessening of the goodwill associated with CAB's competing patented products." D.I. 22, 17. | No. |
| "CAB's injuries were ***directly caused*** by AWM's false marketing and false advertising." D.I. 22, 19. | No. |
| "it is, in fact, AWM's false marking and deceptive advertising that has ***caused*** it to suffer injury." D.I. 22, 20. | No. |

CAB argues that the Court should merely take its attorney's word for it and infer these unalleged causal connections. D.I. 22, 16-20, n.5. However, "where the well-pleaded facts do not permit the court to infer more than the **mere possibility** of misconduct, the complaint has alleged - but it has not 'show[n]' - that the pleader is entitled to relief." *Leo Pharma A/S, LEO Lab. Ltd., and Leo Pharma, Inc., v. Activis Lab.*, No. 116-333-JFB at 4 (D. Del. Feb. 26, 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The inferences that CAB seeks would require the Court to use the FAC's conclusory statements and mere recitals of legal elements as improper springboards to reach unsupported and speculative "inferences." This the Court should not do. *Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022) ("we disregard legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements").

Looking past the new attorney argument, the FAC itself fails to include plausible factual allegations that any causal connection exists between the alleged misrepresentations and a direct competitive injury to CAB. The FAC thus fails to state a claim for false marking and false advertising, and should be dismissed.

### IV. CAB's Request for Leave to File Yet Another Amended Complaint Fails

CAB's Opposition fails to provide **any** reason to justify allowing it to amend its complaint for the second time. *See* D.I. 22, 20. "The factors to consider in weighing a motion for leave to amend are well-settled: (1) whether the amendment has been unduly delayed; (2) whether the amendment would unfairly prejudice the non-moving party; (3) whether the amendment is brought for some improper purpose; and (4) whether the amendment is futile." *Butamax Advanced Biofuels LLC v. Gevo, Inc.*, No. 11-54-SLR, 2012 U.S. Dist. LEXIS 86215, at *5-6 (D. Del. June 21, 2012). Additionally, "prejudice to the nonmoving party may be sufficient to deny leave to amend." *Pressure Products Med. Supplies, Inc. v. Greatbatch Ltd.*, 599 F.3d 1308, 1319 (Fed. Cir. 2010). "A party suffers undue prejudice if the proposed amendment causes surprise, results in additional

discovery, or adds costs to the litigation in defending against the new facts or theories alleged." *Smith v. Delaware*, No. 07-600-JJF-LPS, 2009 U.S. Dist. LEXIS 62738, at *11 (D. Del. July 21, 2009).

Here, allowing CAB yet another opportunity to amend the complaint would be both futile and prejudicial to AWM. There are no additional factual allegations that can cure the defects in CAB's claims for enhanced damages and indirect infringement because CAB's 2020 and 2022 Letters do not provide the requisite knowledge and the allegedly infringing components are staple articles of commerce according to CAB's patents. Likewise, CAB did not plead a causal connection between AWM's purported actions and CAB's alleged harm because there is none. To the extent CAB had a good faith basis to make additional factual allegations, it would have (and should have) done so in the FAC.

Further, as explained above, CAB already amended its complaint to add two new counts that fail to state a claim upon which relief can be granted and which are unrelated to CAB's original patent infringement allegations. Allowing CAB to add yet more allegations would unduly prejudice AWM by forcing it to again unexpectedly evaluate and respond to additional facts or theories, and expend additional costs doing so. Therefore, judicial efficiency and preventing undue prejudice to AWM direct denying CAB's request.

Dated: September 1, 2023                    Respectfully submitted,

FARNAN LLP

*/s/ Michael J. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE  19801
Phone:  (302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Andrew H. DeVoogd (*pro hac vice*)
Serge Subach (*pro hac vice*)
Williams S. Dixon (*pro hac vice*)
MINTZ LEVIN COHN FERRIS
   GLOVSKY & POPEO PC
One Financial Center
Boston, Massachusetts  02111
(617) 542-6000
DHDeVoogd@mintz.com
SSubach@mintz.com
WSDixon@mintz.com

*Attorneys for Defendant Affordable Wire Management, LLC*