IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAMBRIA COUNTY ASSOCIATION FOR THE BLIND AND HANDICAPPED, INC., <br><br> Plaintiff, <br><br> v. <br><br> AFFORDABLE WIRE MANAGEMENT, LLC, <br><br> Defendant. | ) ) ) ) ) ) ) Civil Action No. 23-cv-80-SRF ) ) ) ) ) ) |

Stephen B. Brauerman, Ronald P. Golden III, BAYARD, P.A., Wilmington, DE; Edward C. Flynn, ECKERT SEAMANS CHERIN & MELLOTT, LLC, Pittsburgh, PA; Daniel Melman, ECKERT SEAMANS CHERIN & MELLOTT, LLC, White Plains, NY; Theodore Y. McDonough, ECKERT SEAMANS CHERIN & MELLOTT, LLC, Lawrenceville, NJ.

    Attorneys for Plaintiff.

Brian E. Farnan, Michael J. Farnan, FARNAN LLP, Wilmington, DE; Andrew H. DeVoogd, Serge Subach, Williams S. Dixon, MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO PC, Boston, MA.

    Attorneys for Defendants.

**MEMORANDUM OPINION**

March 28, 2024
Wilmington, Delaware

FALLON, U.S. MAGISTRATE JUDGE:

Presently before the court in this patent infringement, false marking, and false advertising action is a partial motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), filed by defendant Affordable Wire Management, LLC ("AWM").[1] (D.I. 19) For the following reasons, AWM's partial motion to dismiss is DENIED.

## I. BACKGROUND

Plaintiff Cambria County Association for the Blind and Handicapped, Inc. ("CAB") manufactures and sells systems and products for electrical cable and wiring support and grounding in the solar energy industry. (D.I. 18 at ¶ 4) CAB is the owner by assignment of United States Patent Nos. 10,177,551 ("the '551 patent") and 11,349,291 ("the '291 patent;" collectively, the "Asserted Patents"), entitled "Grounding System" and "Locking Cable Hanger and Method of Using," respectively. (*Id.* at ¶ 1)

On January 23, 2023, CAB brought this suit alleging causes of action against AWM for willful, direct, and indirect infringement of the Asserted Patents by making, using, offering to sell and/or selling or importing into the U.S. its "Hardware," "Messenger Cable," and "Messenger Cable Hanger" products. (D.I. 1 at ¶¶ 33-34, 46-47) On July 17, 2023, CAB filed a first amended complaint ("FAC") adding causes of action for false patent marking under 35 U.S.C. § 292 and false advertising under the Lanham Act, 15 U.S.C. § 1051 *et seq.* (D.I. 18 at ¶¶ 73-126)

At Counts I and II of the FAC, CAB asserts claims of direct, indirect, and willful infringement of the Asserted Patents. (*Id.* at ¶¶ 30-72) To support the allegations of pre-suit

---

[1] The parties' briefing and filings relevant to the pending motion to dismiss can be found at D.I. 18, D.I. 20, D.I. 22, and D.I. 23.

2

notice with respect to these claims, the FAC incorporates by reference two pre-suit notice letters from CAB to AWM, dated September 29, 2020 and August 11, 2022. (*Id.* at ¶¶ 38-39, 61-62; Ex. 3) In the August 11 letter, CAB identifies the Asserted Patents and certain products made by AWM that likely infringe the Asserted Patents. (*Id.*) The FAC also alleges that AWM's accused Hardware, Messenger Cable, and Messenger Cable Hanger components are made or adapted for use in an infringing manner, and they are not staple articles of commerce suitable for substantial non-infringing use. (*Id.* at ¶¶ 46, 68)

CAB further alleges that AWM falsely marks its Messenger Cable Hanger products under 35 U.S.C. § 292(b) and falsely advertises those products as a "patented product line" in violation of § 1125(a) of the Lanham Act at Counts III and IV of the FAC, respectively. (*Id.* at ¶¶ 73-126) The FAC incorporates by reference portions of AWM's product catalogs and website to support its false marking and advertising claims. (*Id.* at ¶¶ 76-79, 82-83)

AWM moves to dismiss CAB's induced, contributory, and willful infringement claims at Counts I and II of the FAC, as well as the false marking and false advertising claims at Counts III and IV of the FAC. (D.I. 20) AWM does not challenge CAB's direct infringement allegations.

## II.     LEGAL STANDARD

Rule 12(b)(6) permits a party to seek dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth sufficient factual matter, accepted as true in the light most favorable to the plaintiff, to "state a claim to relief that

is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A claim is facially plausible when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555-56.

The court's determination is not whether the non-moving party "will ultimately prevail," but whether that party is "entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal citations and quotation marks omitted). This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "[A] complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Id.* at 231.

## III. DISCUSSION

### A. Counts I and II: Indirect and Willful Infringement

AWM moves for dismissal of CAB's claims for indirect and willful infringement on narrow grounds. First, AWM alleges that the FAC fails to establish AWM's knowledge of infringement, which is a required element of induced, contributory, and willful infringement. (D.I. 20 at 8-13); *see Bench Walk Lighting LLC v. LG Innotek Co., Ltd.*, 530 F. Supp. 3d 468, 491 (D. Del. 2021) ("Claims for induced, contributory and willful infringement all require that the defendant had knowledge of the patents-in-suit and knowledge that the acts at issue constituted patent infringement."). Next, AWM contends that the contributory infringement allegations do not plausibly establish that the accused products are not staple articles of

commerce having no substantial noninfringing uses. (D.I. 20 at 13-16); *see Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010) (describing the elements of a cause of action for contributory infringement to include "the component has no substantial noninfringing uses"). The court addresses each of these issues in turn.

### 1. Knowledge of infringement

In support of its motion to dismiss, AWM argues that CAB's August 11 pre-suit notice letter is insufficient to establish AWM's knowledge of infringement for purposes of the indirect and willful infringement claims because the letter lacks any description of how AWM purportedly infringes the Asserted Patents. (D.I. 20 at 8) CAB responds that it was not required to provide AWM with an element-by-element infringement analysis, and the August 11 notice letter adequately identifies the Asserted Patents and the AWM products alleged to infringe for purposes of pleading knowledge of infringement. (D.I. 22 at 7-9)

CAB's August 11 notice letter to AWM, which is attached as an exhibit to the FAC, adequately establishes AWM's knowledge of infringement for purposes of the indirect and willful infringement claims. (D.I. 18 at ¶¶ 38, 61; Ex. 3) "To show pre-suit willful infringement, the Court will typically require that the defendant receives a notice letter identifying the asserted patents, identifying the accused products, and suggesting that the accused products are either relevant to or infringe the asserted patents." *Textile Computer Sys., Inc. v. Broadway Nat'l Bank*, 620 F. Supp. 3d 557, 567 (W.D. Tex. 2022) (concluding that the notice letter also satisfied the pre-suit knowledge requirement for induced and contributory infringement for purposes of the patents specifically identified in the letter); *see Jackson v. Seaspine Holdings Corp.*, C.A. No. 20-1784-RGA, 2022 WL 610703, at *5-7 (D. Del. Feb. 14, 2022) (same). The August 11 notice letter satisfies this standard by specifically identifying the Asserted Patents and the allegedly

infringing Messenger Cable Hangers and Hardware products listed on AWM's website and alleging that those products likely infringe the Asserted Patents. (D.I. 18, Ex. 3) Nothing more is required at this stage of the proceedings.

AWM cites several cases in support of its assertion that the August 11 notice letter lacks the requisite specificity on how the accused products allegedly infringe the Asserted Patents. (D.I. 20 at 9-12) However, each of these cases is distinguishable on its facts. In *Bench Walk Lighting, LLC v. LG Innotek Co.*, the defendants received the notice letter only after the suit had been filed, and the letter failed to identify two of the ten patents-in-suit or the majority of the accused products. 530 F. Supp. 3d 468, 491 (D. Del. 2021). In *Deere & Co. v. AGCO Corp.*, the amended complaints did not attach or quote from the pre-suit notice letter, and there was no confirmation that the defendant received the letter or that the letter adequately described the infringing product. C.A. No. 18-827-CFC, 2019 WL 668492, at *1, 6 (D. Del. Feb. 19, 2019). And in *Flatworld Interactives LLC v. Samsung Electronics Co., Ltd.*, the court's discussion of the requisite specificity of actual notice of infringement arose in the context of a motion for summary judgment to limit damages. 77 F. Supp. 3d 378, 384 (D. Del. 2014). The court ultimately determined that the plaintiff failed to give actual notice of infringement by producing an example of a form notice letter which "did not mention infringement, or even a specific product." *Id.* at 389.

AWM further contends that the FAC contains only boilerplate allegations that AWM knew third parties were directly infringing the Asserted Patents for purposes of the induced infringement claims. (D.I. 20 at 12-13) The FAC alleges that AWM knowingly induced its customers to infringe the accused products "by encouraging, instructing, and/or aiding its customers to use" the accused products in an infringing manner via its product catalogs, marketing material, and website. (D.I. 18 at ¶¶ 40-41, 63) Allegations that a defendant induced

its customers to infringe by selling components or materials with promotions and instructions for use are sufficient to state a claim at this stage of the proceedings. *See Bausch & Lomb Inc. v. SBH Holdings LLC*, C.A. No. 20-1463-LPS, 2022 WL 856750, at *4 (D. Del. Mar. 23, 2022); *HSM Portfolio LLC v. Fujitsu Ltd.*, C.A. No. 11-770-RGA, 2014 WL 4468088, at 2 (D. Del. Sept. 9, 2014) (explaining that the pleading must only establish a "reasonable potential" of induced infringement). The primary case cited by AWM is distinguishable. In *AgroFresh Inc. v. Essentiv LLC*, the pleading alleged only that the defendants had "actively and specifically intended to induce third party customers to infringe." C.A. No. 16-662-MN, 2019 WL 350620, at *2-3 (D. Del. Jan. 29, 2019). Unlike the pleaded allegations in this case, there were no averments that the defendants supplied their customers with product catalogs or marketing materials to induce infringement. *Id.*

### 2. Substantial non-infringing uses

AWM argues that CAB's claims for contributory infringement should also be dismissed due to a lack of factual support for the legal conclusion that the accused products are not a staple article or commodity of commerce suitable for substantial non-infringing use. (D.I. 20 at 13-16) But the Federal Circuit has held that affirmatively pleading the absence of substantial non-infringing uses renders the claim plausible unless the pleadings undermine that allegation. *Merck Sharp v. Teva Pharms. USA, Inc.*, C.A. No. 14–874–SLR–SRF, 2015 WL 4036951, at *7 (D. Del. Jul 1, 2015) (emphasis added) (citing *In re Bill of Lading*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)). Consequently, the FAC's allegations that the accused products "are not a staple article or commodity of commerce suitable for substantial non-infringing use" is sufficient for purposes of pleading contributory infringement unless the balance of the pleadings undermines the allegation. (D.I. 18 at ¶¶ 46, 68)

According to AWM, the Asserted Patents undermine CAB's conclusory allegations of no substantial non-infringing use because the specifications of the '551 and '291 patents describe the claimed messenger wires as staple articles of commerce having substantial non-infringing use. (D.I. 20 at 15-16) CAB responds that the accused components underlying the contributory infringement claims are not limited to AWM's sales of the messenger wire in isolation. (D.I. 22 at 14) The allegations in the FAC, construed in the light most favorable to CAB as the nonmoving party, support CAB's position that the contributory infringement allegations are not based on AWM's sales of non-conductive messenger wire alone. The FAC alleges that AWM contributorily infringes the '291 patent by selling the Messenger Cable Hanger products alone or in combination with the messenger wire, and it contributorily infringes the '551 patent by selling the accused mounting assemblies and/or conductive messenger wire. (D.I. 18 at ¶¶ 46, 68; *see also* ¶ 33) Thus, AWM has not established that the Asserted Patents undermine the FAC's averments of no substantial non-infringing uses.

For the foregoing reasons, AWM's motion to dismiss CAB's causes of action for indirect and willful infringement is DENIED.

### B. Counts III and IV: False Patent Marking and False Advertising Claims

AWM contends that the false marking and false advertising claims in the FAC should be dismissed because both counts fail to plausibly allege a causal connection between the alleged misrepresentation and the competitive injury. (D.I. 20 at 16-18) CAB responds with citations to the FAC which associate the alleged injuries with the alleged misrepresentations by AWM. (D.I. 22 at 16-19)

The false marking allegations in the FAC plausibly support the existence of a causal connection between the alleged misrepresentations and the ensuing injury when viewed in the

8

light most favorable to CAB as the non-moving party. To sufficiently plead a causal connection between an alleged false marking and a competitive injury, the plaintiff need not identify specific instances of injury. *See Cot'n Wash, Inc. v. Henkel Corp.*, 46 F. Supp. 3d 613, 624 (D. Del. 2014). However, allegations of lost sales, loss of market share, loss of business, and loss of goodwill must be causally tied to the alleged false marking. *See Liqwd, Inc. v. L'Oreal USA, Inc.*, C.A. No. 17-14-JFB-SRF, 2019 WL 10252725, at *17 (D. Del. Apr. 30, 2019) (denying dismissal of false marking claim where counterclaim identified parties as direct competitors and alleged that false marking scheme gave the plaintiff an unfair advantage in a two-player market). Here, the FAC adequately alleges a causal connection by tying AWM's false marking practices to CAB's lost sales, loss of market share, loss of business opportunities, and loss of goodwill. (D.I. 18 at ¶¶ 100-08) Specifically, the FAC avers that AWM's false marking practices lead the public to believe that AWM is a technology innovator, causing CAB to lose bids for solar energy installation projects where CAB and AWM were the sole bidders. (*Id.* at ¶¶ 100-06) These averments are sufficient to plead a plausible causal connection between the false marking and the resultant injury at this stage of the proceedings. *See Liqwd*, 2019 WL 10252725, at *17. *Cf. Altair Instruments, Inc. v. Telebrands Corp.*, 2020 WL 1942320, at *4 (C.D. Cal. Mar. 31, 2020) (granting motion to dismiss false marking claim where the parties' products were targeted to different customers in different markets).

Similarly, CAB's false advertising claim under the Lanham Act alleges that AWM's false representations about its accused products cultivate a false image of AWM as a technology innovator in the marketplace. (D.I. 18 at ¶ 114) The FAC avers that, because CAB and AWM are direct competitors in the relevant market, AWM's false advertising influences customers' purchasing decisions, resulting in lost sales, lost market share, lost business opportunities, and a

loss of goodwill. (*Id.* at ¶¶ 115-24) These allegations are sufficient to state a Lanham Act claim. *See Enzo Life Scis., Inc. v. Digene Corp.*, 295 F. Supp. 2d 424, 428 (D. Del. Mar. 31, 2003) (denying motion to dismiss Lanham Act claim where pleading alleged a likelihood of injury from competitor's conduct). AWM's reliance on *Gravelle v. Kaba Ilco Corp.* is not persuasive because the decision was rendered on a motion for summary judgment following discovery, as opposed to the pleadings stage. 684 F. App'x 974, 981 (Fed. Cir. 2017). Consequently, AWM's motion to dismiss CAB's false marking and false advertising claims is DENIED.

## IV.  CONCLUSION

For the foregoing reasons, AWM's partial motion to dismiss pursuant to Rule 12(b)(6) is DENIED.

                                                                                                                                                                                                        _____
                                                                            Sherry R. Fallon
                                                                            UNITED STATES MAGISTRATE JUDGE